UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH GARCIA,

       Plaintiff,

v.                                                                  Case No. 10-13122

RENAISSANCE GLOBAL LOGISTICS,              Honorable Patrick J. Duggan
LLC, a Michigan corporation, CLYDE
HOWARD, RON BUTLER, and YVONNE
RAYFORD,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 23, 2011.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 6, 2010, Ruth Garcia filed this action against Renaissance Global

Logistics, LLC ("RGL") and three of its employees (collectively, "Defendants"), alleging

violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et*

*seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

Before the Court is Defendants' Amended Motion for Partial Summary Judgment on

Plaintiff's Claim for Damages, filed pursuant to Federal Rule of Civil Procedure 56.  On

February 4, 2011, the Court notified the parties that it was dispensing with oral argument.

For the reasons stated below, the Court grants Defendants' Motion in part.

## I. Factual and Procedural Background

RGL is a logistics company that packages and ships automotive parts.  At all times relevant, Plaintiff was employed as a "Picker Packer" by RGL.  Her duties included packing automotive parts for shipment.  It is undisputed that Picker Packers in at least some departments were required to lift heavy parts, but Plaintiff contends that not all Picker Packers were required to perform heavy lifting.

Plaintiff became pregnant around June 2009.  After being assigned to an area that required heavy lifting, she explained to Executive Director of Human Resources Ron Butler that she feared lifting over thirty pounds would impact her pregnancy.  Plaintiff provided RGL with a doctor's note stating that she should not lift objects weighing more than thirty pounds.  Plaintiff alleges that Plant Manager Clyde Howard insisted she could not work due to the restriction, and that Yvonne Rayford, a Human Resources executive, required her to take FMLA leave.  Compl. ¶¶ 24-25.  RGL granted Plaintiff a twelve-week FMLA leave beginning on September 17, 2009 and expiring on December 10, 2009.  While on leave, Plaintiff filed discrimination complaints with the Equal Employment Opportunity Commission and the Michigan Department of Civil Rights.

On December 10, 2009, Plaintiff, still pregnant, reported for work.  Howard allegedly told Plaintiff that there was no work for her, and directed her to leave the premises immediately.  *Id.* ¶ 29.  Plaintiff spoke with Rayford the next day, and claims that RGL would only allow her to return to work without restrictions.  *Id.* ¶ 31.  Rayford told Plaintiff that she could make a written request for six weeks of additional leave, if she did so within the next three or four days.  It is undisputed that Plaintiff never requested this

2

additional leave, and did not return to work.

On December 22, 2009, Butler sent Plaintiff a letter terminating her employment effective December 14 due to three consecutive unexcused absences from December 15 through December 18. *See* Pl.'s Resp. Br. Ex. 1. The letter stated that if Plaintiff failed to contact the Human Resources Office by January 4, 2010 with proof that she had notified the company of her absence, RGL would "consider this matter closed." *Id.* Plaintiff did not respond to this letter.

Plaintiff filed this action, alleging that Defendants interfered with her exercise of FMLA rights and retaliated against her for exercising those rights. Plaintiff also alleged racial discrimination and retaliation under Title VII. On September 1, 2010, Defendants moved to dismiss the Complaint, or in the alternative, for summary judgment.

In an Opinion and Order dated December 21, 2010, this Court granted Defendants' motion in part. The Court granted summary judgment for Defendants on the retaliation claims, holding that Defendants had rebutted the presumption of retaliation with evidence showing that Plaintiff's termination was caused by her failure to request leave or respond to the termination letter. 12/21/10 Op. & Order at 10, 14. The Court also granted summary judgment for Defendants on the Title VII discrimination claim, holding that Plaintiff had failed to establish her prima facie case. *Id.* at 13. The Court denied summary judgment on the FMLA interference claim, which remains the only claim pending before this Court.

Defendants have filed an Amended Motion for Summary Judgment on Plaintiff's Claim for Damages. Defendants argue that because Plaintiff's termination was the result

of her own inaction, damages on her FMLA interference claim should be limited to back

pay for the period between the denial of reinstatement on December 10, 2009 and her

effective termination date of December 14, 2009.  Defendants also contend that the FMLA

does not allow Plaintiff to recover damages for emotional distress or pain and suffering.

Defendants request that this Court issue an Order limiting Plaintiff's damages to lost

wages, salary, employment benefits, and other compensation denied or lost between

December 10, 2009 and December 14, 2009.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any

material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as

a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505,

2512 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates

summary judgment against a party who fails to establish the existence of an element

essential to that party's case and on which that party bears the burden of proof at trial.  *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  The movant

has an initial burden of showing "the absence of a genuine issue of material fact."  *Id*. at

323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with

specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  To demonstrate a

genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### III. Discussion

**A. Limitation of Damages Based on Plaintiff's Failure to Request Leave**

Under the FMLA's interference theory, also known as the "entitlement" theory, a violation occurs when an employer "interferes with the FMLA-created right to medical leave or to reinstatement following the leave." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003). An employer's interference with FMLA rights, however, "does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct." *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir 2006). Defendants rely on this principle, arguing that Plaintiff's damages should be limited because her failure to request additional leave motivated the decision to terminate her employment.

Back pay may be limited where an employee would have been otherwise lawfully terminated at some later date. For example, an employee's entitlement to back pay may be limited by the "after-acquired evidence" defense where the employer establishes that it would have lawfully discharged the employee for misconduct discovered after the

5

unlawful termination. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362, 115 S. Ct. 879, 864 (1995).

The facts of this case do not appear to justify a similar limitation of back pay. Although Defendants contend that Plaintiff's inaction caused her termination, her failure to request additional leave is plainly related to the exercise of FMLA rights. Defendants allegedly denied Plaintiff reinstatement and required her to instead submit a request for additional leave. The evidence suggests that if Plaintiff had been reinstated when she reported for work on December 10, 2009, she would not have been absent the next few days. Thus, she would not have been terminated due to unexcused absences. Defendants cannot escape liability through their alleged denial of reinstatement rights. Furthermore, the statute provides that an employer interfering with FMLA rights is liable to the affected employee for "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). Under these facts, the Court cannot rule as a matter of law that Defendants' alleged refusal to reinstate Plaintiff did not cause her to suffer injury after December 14, 2009.

In support of their argument, Defendants cite *Steffes v. Pepsi-Cola Personnel, Inc.*, 25 Fed. Appx. 300 (6th Cir. 2001). Their reliance is misplaced. The plaintiff in that case returned to her job after taking leave, but "voluntarily abandoned" it later, limiting her entitlement to damages. *Id.* at 305. Here, Defendants allegedly prevented Plaintiff from returning to her employment after she completed her FMLA leave. There is no indication that Plaintiff voluntarily abandoned her job, and thus, there is no justification for similarly limiting her damages. Defendants rely on *Muller v. U.S. Steel Corp.*, 509 F.2d 923 (10th

6

Cir. 1975), but the plaintiff in that Title VII case also quit his employment voluntarily.

**B. Damages for Emotional Distress and Pain and Suffering**

Defendants note that Plaintiff seeks damages for pain and suffering, Compl. ¶ 51, arguing that such damages are not recoverable under the FMLA. The United States Supreme Court has held that the damages recoverable under the FMLA are "strictly defined," and "measured by actual monetary losses." *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740, 123 S. Ct. 1972, 1984 (2003). Sixth Circuit precedent also expressly prohibits the recovery of emotional distress damages under the FMLA. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1007-08 (6th Cir. 2005). Plaintiff relies on an Eighth Circuit case, *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481 (8th Cir. 2002), in seeking damages for pain and suffering. The Eighth Circuit has recognized, however, that *Duty* is no longer sound law in light of *Hibbs*. *Rodgers v. City of Des Moines*, 435 F.3d 904, 908-09 (8th Cir. 2006). The Court therefore concludes that Plaintiff may only recover damages measured by her actual monetary losses. This excludes damages based on emotional distress or pain and suffering.

### IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendants' Amended Motion for Partial Summary Judgment on Plaintiff's Claim for Damages is **GRANTED** as to Plaintiff's claim for damages based on emotional distress or pain and suffering. Any damages awarded for Plaintiff's FMLA interference claim shall not include damages for emotional distress or pain and suffering.

**IT IS FURTHER ORDERED** that Defendants' Amended Motion for Partial

Summary Judgment on Plaintiff's Claim for Damages is **DENIED** as to Plaintiff's claim

for damages incurred after December 14, 2009, the effective date of her termination.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Lennox Emanuel, Esq.
Glenn D. Oliver, Esq.