UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH GARCIA,

    Plaintiff,

v.

    Case No. 10-13122

    Honorable Patrick J. Duggan

RENAISSANCE GLOBAL LOGISTICS, LLC, a Michigan corporation, CLYDE HOWARD, in his official capacity and individually, RON BUTLER, in his official capacity and individually, and YVONNE RAYFORD, in her official capacity and individually,

    Defendants.
_____/

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 23, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiff's motion to strike Defendants' Answer, for an entry of default, and for sanctions, filed on July 10, 2011. The Court heard oral argument on August 18, 2011, and for the reasons stated below, denies the motion.

On September 1, 2010, Defendants moved to dismiss this action. In the alternative, Defendants requested summary judgment. In an Opinion and Order dated December 21, 2010, the Court granted Defendants' motion in part. Defendants then filed a motion for

partial summary judgment on the issue of damages.  On February 23, 2011, the Court granted this motion in part.  Soon afterward, Plaintiff's counsel apparently indicated to Defendants' counsel that he intended to petition the Court for an expedited trial date.  Defendants' counsel indicated that he would not oppose this request.  Upon receiving this request, the Court indicated to the parties that Defendants had not yet filed an Answer to the Complaint.  Defendants filed an Answer on July 5, 2011, denying many of Plaintiff's allegations and raising several affirmative defenses.

Plaintiff now moves to strike the Answer and seeks an entry of default pursuant to Federal Rule of Civil Procedure 55.  Plaintiff also requests sanctions pursuant to Rule 11, arguing that Defendants' "answers and defenses have no basis in fact and law."  Pl.'s Mot. 6.

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The Sixth Circuit has held that striking a pleading is a "drastic remedy" that should be sparingly used "when required for the purposes of justice."  *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).  A pleading should only be stricken when it "has no possible relation to the controversy."  *Id.*

Plaintiff argues that Defendants filed their Answer in order to defeat her motion for summary judgment.  This would be futile, because in a summary judgment setting, the nonmoving party must go "beyond the pleadings" and present evidence establishing a genuine dispute of material fact.  *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 246 (6th Cir. 2011).  The Answer alone would be insufficient to avoid summary judgment.  Plaintiff

asserts that Defendants' denials of her allegations lack any factual basis, but "[a] disputed question of fact cannot be decided on motion to strike." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). Defendants' Answer cannot be considered immaterial or impertinent, and it fails to raise the sort of scandalous claims that would justify the striking of a pleading. The Court therefore denies the motion to strike.

Plaintiff has requested an entry of default. A default may be entered against a party for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). The filing of a motion to dismiss, however, qualifies as an action taken to "otherwise defend," precluding an entry of default. *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, No. 99-5018, 2000 U.S. App. LEXIS 17949, at *14 (6th Cir. Jul. 11, 2000). Defendants filed such a motion on September 1, 2010. Defendants' Answer may have been untimely, but an entry of default is not justified.

Plaintiff seeks sanctions for the filing of a pleading that contains statements without any basis in fact or law. Defendants correctly note that Plaintiff has failed to comply with the procedural requirements for such a request:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2). Plaintiff's request for sanctions was not made in a separate motion, nor is there any indication that it was served twenty-one days before filing, as

3

Rule 11 requires.  The Court therefore denies Plaintiff's request for sanctions.

In their response to Plaintiff's motion, Defendants seek sanctions pursuant to Rule 11(c)(2), arguing that Plaintiff's filing has needlessly increased the cost of this litigation. This request fails for the same reasons.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to strike, for an entry of default, and for sanctions is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Lennox Emmanuel, Esq.
Glenn D. Oliver, Esq.