UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH GARCIA,

    Plaintiff,

v.

                              Case No. 10-13122

RENAISSANCE GLOBAL LOGISTICS,
LLC, CLYDE HOWARD, RON BUTLER,
and YVONNE RAYFORD,

                              Honorable Patrick J. Duggan

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 17, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Ruth Garcia ("Plaintiff") filed this action in response to the termination of her employment by Renaissance Global Logistics, LLC ("RGL"). Plaintiff asserted violations of the Family and Medical Leave Act of 1993 ("FMLA") and Title VII of the Civil Rights Act of 1964. Defendants filed a motion for summary judgment, and the Court granted this motion with respect to several of Plaintiff's claims. The FMLA interference claim went to trial in September 2011, and the jury found in Plaintiff's favor. This matter is now before the Court on RGL's motion for judgment as a matter of law or, in the alternative, a new trial. The matter has been fully briefed, and on January 3, 2012, the Court indicated to the

parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated below, the Court denies RGL's motion.

## I. Standards of Review

A party is entitled to judgment as a matter of law where "a reasonable jury would not have a legally sufficient evidentiary basis" to find for the opposing party.  Fed. R. Civ. P. 50(a).  The inquiry on a Rule 50 motion is the same as on a motion for summary judgment under Rule 56.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251, 106 S. Ct. 2505, 2511 (1986).  The court must determine whether the evidence "is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52, 106 S. Ct. at 2512 (1986).  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255, 106 S. Ct. at 2513.  In making its determination, the court cannot weigh the evidence or make credibility assessments.  *Id.* at 255, 106 S. Ct. at 2513.

A new trial may be granted "after a jury trial[] for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a).  A new trial is warranted when a jury has reached a seriously erroneous result as evidenced by a verdict against the weight of the evidence.  *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).  "In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified."  *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *TCP Indus., Inc. v. Uniroyal, Inc.*,

661 F.2d 542, 546 (6th Cir. 1981)). "The court is to accept the jury's verdict 'if it is one which reasonably could have been reached.'" *Id.* (quoting *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)).

## II. Discussion

RGL argues that the evidence presented at trial demonstrated that Plaintiff could not perform the essential functions of her job upon returning from leave, and thus, she was not entitled to reinstatement under the FMLA. RGL therefore asserts that the jury found for Plaintiff against the clear weight of the evidence.

It is undisputed that when Plaintiff returned from leave in December 2009, she was still under a medical restriction preventing her from lifting more than thirty pounds. The parties focused their efforts at trial on establishing whether this restriction prevented Plaintiff from performing the essential functions of her job as a "Picker Packer." To do this, the parties presented documents concerning the position's duties and testimony as to how certain tasks are assigned and completed.

RGL points to the job description of this position, noting that the responsibilities include packing vehicle parts. It is undisputed that some of these parts weigh more than thirty pounds. RGL therefore concludes that lifting amounts in excess of thirty pounds is an essential function of a Picker Packer. Plaintiff countered this by offering testimony indicating that Picker Packers work in teams to lift heavy parts, reducing the amount of weight that each person must lift. There was evidence, however, indicating that it might not always be practical to lift parts in teams. Ronald Butler, RGL's Executive Director of Administration, testified that some boxes were simply too small to be lifted by two

3

workers at once. Trial Tr. vol. 2, 75, Sept. 21, 2011. Butler testified that these boxes could, depending on their contents, weigh more than thirty pounds. *Id.* If that were the case, Plaintiff could not lift them without exceeding her medical restriction. Supervisor Leontyne Page also testified that some parts lifted by a team of two workers could weigh seventy to one hundred pounds, Trial Tr. vol. 2, 177, requiring each worker to lift more than thirty pounds.

The parties also presented evidence concerning the assignment of tasks to Picker Packers. Plaintiff testified that Picker Packers worked in a number of "departments," and that some of these departments did not require lifting of the same degree and frequency as the "production" department. For instance, Plaintiff testified that she worked in the non-conforming and receiving departments and was able to do the lifting required in those areas. Trial Tr. vol. 1, 7, Sept. 20, 2011. Plaintiff also testified that she had worked in areas of the plant that entailed mainly clerical functions. Trial Tr. vol. 1, 10. Butler testified, however, that under RGL's union contract, seniority was a factor in assigning Picker Packers to departments. Trial Tr. vol. 2, 77. Thus, it may not have been possible to limit Plaintiff to certain types of tasks during her pregnancy.

Finally, RGL argued that staffing flexibility was absolutely essential to operating its business because its workload was dependent on customer requirements. RGL asserted that for this reason, it needed to be able to assign Picker Packers to any area of the plant. Leontyne Page testified that if a customer required, for example, several thousand bumpers, RGL might have everyone in the plant packing bumpers for a period of time. Trial Tr. vol. 2, 187. There was also evidence that if RGL failed to meet its deadlines, it

could be forced to incur costly air freight charges to ship parts to customers' plants. Trial Tr. vol. 2, 60. Plaintiff countered this by offering testimony indicating that these sorts of "all hands on deck" episodes were rare. Production Manager Claude Howard testified that this had probably happened ten times during his twelve years at the company, Trial Tr. vol. 2, 130, and Senior Supervisor Karen Simon stated that production is usually scheduled about five weeks out. Trial Tr. vol. 3, 27.

    Based on the evidence introduced at trial, the jury could have reasonably concluded that the essential functions of Plaintiff's job did not require lifting more than thirty pounds. The jury could have found that Picker Packers often worked in teams to lift heavy items. The jury also could have believed Plaintiff's assertion that as a Picker Packer, she often worked in areas that required little or no lifting. Although the evidence indicated that there were some circumstances under which all Picker Packers in the plant would be assigned to lift heavy parts, the jury could have found that such occurrences were rare. Thus, even though a Picker Packer may occasionally be required to lift more than thirty pounds, the jury could have concluded that heavy lifting was not an essential function of the job. If the jury reached this conclusion, it could have found that Plaintiff was entitled to reinstatement upon returning from leave.

    The parties focused their efforts at trial on proving whether Plaintiff could perform the essential functions of her job despite her thirty-pound lifting restriction, and the jury agreed with Plaintiff. Although the Court believes that the jury could also have reasonably reached the opposite conclusion, the relevant inquiry in a motion for a new trial is whether the jury could have reasonably reached the result that it did. Because the jury could have

5

reasonably found that Plaintiff was entitled to reinstatement, the Court concludes that the jury's verdict should not be disturbed, and RGL's motion for a new trial must be denied.

As the Court has concluded that the jury's verdict is one that could reasonably have been reached based on the evidence presented at trial, the Court also denies RGL's motion for judgment as a matter of law.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that RGL's motion for judgment as a matter of law, or in the alternative, a new trial, is **DENIED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Lennox Emanuel, Esq.
Glenn D. Oliver, Esq.