UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH GARCIA,

    Plaintiff,

v.

    Case No. 10-13122

    Honorable Patrick J. Duggan

RENAISSANCE GLOBAL LOGISTICS,
LLC, a Michigan corporation, CLYDE
HOWARD, RON BUTLER, and YVONNE
RAYFORD,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 29, 2012.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on two post-trial motions filed by Plaintiff: (1) a motion for liquidated damages and an award of interest on the jury verdict; and (2) a motion for an award of front pay in lieu of reinstatement. The Court heard oral argument on November 16, 2011. For the reasons stated below, the Court denies Plaintiff's motion for liquidated damages, but grants her requests for interest on the verdict and front pay.

### I. Background

Ruth Garcia ("Plaintiff") filed this action against Renaissance Global Logistics

("RGL") and three RGL employees[1] to recover damages for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Defendants filed a motion to dismiss or for summary judgment, and the Court granted Defendants' motion with respect to Plaintiff's Title VII claims and her FMLA retaliation claim, leaving only the FMLA interference claim to proceed to trial.

After a three-day trial, the jury found in Plaintiff's favor on the FMLA interference claim, awarding damages of $57,000. Plaintiff now seeks an award of interest on the jury verdict and liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii)-(iii). She has also requested an award of front pay pursuant to 29 U.S.C. § 2617(a)(1)(B).

## II. Analysis

**A. Liquidated Damages**

A plaintiff prevailing on an FMLA interference claim is generally entitled to the following damages: (i) lost wages, benefits, or other compensation denied by reason of the violation; (ii) interest on the lost wages, benefits, or other compensation, calculated at the prevailing rate; and (iii) liquidated damages equal to the sum of (i) and (ii). 29 U.S.C. § 2617(a)(1)(A). The statute provides, however, that if the employer proves to the court that the FMLA violation was in good faith and the employer had reasonable grounds for believing that its conduct did not violate the statute, the court may reduce the award of liquidated damages. *Id.* § 2617(a)(1)(A)(iii). "To establish good faith under the FMLA, a

---

[1] The individual Defendants were eventually dismissed pursuant to a stipulation of the parties, and the case proceeded to trial with RGL as the sole Defendant.

defendant must show that 'it honestly intended to ascertain the dictates of the FMLA and to act in conformance with it.'" *Thom v. Am. Standard, Inc.*, No. 09-3507, 2012 U.S. App. LEXIS 1166, at *18 (6th Cir. Jan. 20, 2012) (quoting *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868 (8th Cir. 2006)). The employer bears the burden of establishing that it would be unfair to impose more than a compensatory verdict, and there is a "strong presumption" in favor of awarding liquidated damages. *Id.* at *16-17 (citing *Arban v. West Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003)).

RGL asserts that Plaintiff could not perform the essential functions of her job upon returning from FMLA leave. Because an employee is not entitled to reinstatement unless she can perform her job's essential functions, *Edgar v. JAC Prods.*, 443 F.3d 501, 507 (6th Cir. 2006), RGL concludes that it had reasonable grounds to believe that Plaintiff's termination did not violate the FMLA. Plaintiff has admitted that she returned from leave with a restriction prohibiting her from lifting more than thirty pounds. Her theory of the case was that lifting more than thirty pounds was not an essential function of her job, and thus, she could perform her job's essential functions upon returning from leave. At trial, the parties presented a considerable amount of evidence regarding the requirements of Plaintiff's job. While the jury apparently agreed with Plaintiff that she could perform the essential functions of her job upon returning from leave, the Court believes that evidence was such that the jury also could have reasonably reached the opposite conclusion. The Court is persuaded that RGL has identified reasonable grounds for believing that Plaintiff's termination did not violate the FMLA. The facts here also support a finding that RGL acted in good faith. There is no evidence suggesting that RGL actually believed

that Plaintiff was entitled to reinstatement upon returning from leave.  Furthermore, even though RGL believed that Plaintiff was not entitled to reinstatement, it suggested that Plaintiff request additional leave and explained that she could keep her job by doing so.  By offering leave beyond that mandated by statute, RGL allowed Plaintiff the opportunity to continue her employment.  The Court concludes that RGL attempted in good faith to comply with the FMLA's requirements.  The Court therefore declines to award Plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).  *See Hoge v. Honda of Am. Mfg.*, 384 F.3d 238, 251 (6th Cir. 2004) (affirming district court's decision not to award liquidated damages where employer demonstrated good faith and reasonable grounds for believing that the FMLA had not been violated).

**B. Prejudgment Interest**

The parties have stipulated that to calculate prejudgment interest, the Court should apply the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System.  *See* 28 U.S.C. § 1961.  The parties further agree that this rate is 0.1%.

The parties disagree, however, with respect to the time period to be used in the interest calculation.  RGL encourages the Court to calculate prejudgment interest based on the date the Complaint was filed, rather than the date of Plaintiff's termination.  Plaintiff argues that this does not accord with Sixth Circuit precedent as applied in FMLA cases.  "Prejudgement interest ordinarily should apply to each year an employee lost the use of her wages."  *EEOC v. Ky. State Police Dep't*, 80 F.3d 1086, 1099 (6th Cir. 1996) (citing *Kelly v. Am. Standard, Inc.*, 640 F.2d 974, 982 (9th Cir. 1981)).  Thus, the beginning date

4

for purposes of the calculation should be the date of Plaintiff's termination, December 14, 2009, rather than the date she filed suit. *See Bell v. Prefix, Inc.*, No. 05-74311, 2010 U.S. Dist. LEXIS 51025, at *12 (E.D. Mich. May 24, 2010); *see also Finnerty v. Wireless Retail, Inc.*, No. 04-40247, 2009 U.S. Dist. LEXIS 72965, at *8 (E.D. Mich. Aug. 18, 2009).

The parties dispute the calculation to be used. Plaintiff's proposed calculation treats the interest rate as a weekly yield, rather than an annual yield. Pursuant to 28 U.S.C. § 1961(b), interest is computed daily and compounded annually. The Court accordingly agrees with RGL that interest accumulates at the rate of ( \$57,000 x 0.1% ) / 365 = \$0.156 daily. Based on the accumulation of interest from December 14, 2009 to the date on which judgment is being entered, the Court concludes that Plaintiff is entitled to \$120.12 in prejudgment interest.

**C. Front Pay**

The FMLA provides that the court may grant a prevailing plaintiff "such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). The Sixth Circuit has held that this provision also allows for an award of front pay under some circumstances. *Arban*, 345 F.3d at 405-06. Front pay may be preferred, for example, where reinstatement would result in displacement of a non-culpable employee or where hostility would result. *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir. 1993). The Court determines the propriety of an award of front

pay.[2] *Id.* An award of front pay should be guided by consideration of the employee's duty to mitigate, the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages, and other factors that are pertinent on prospective damage awards. *Id.* at 399.

RGL argues that Plaintiff is not entitled to reinstatement or front pay because RGL had a legitimate, non-discriminatory reason for terminating her employment. RGL cites this Court's December 21, 2010 Opinion and Order, in which the Court concluded that Plaintiff was not terminated for exercising her right to FMLA leave, and thus, Defendants were entitled to summary judgment on her FMLA retaliation claim. RGL therefore asserts that "the decision to terminate Garcia's employment had nothing to do with her FMLA activity." While Plaintiff's termination may not have been in retaliation for an exercise of FMLA rights, that does not mean that it was legitimate. RGL blurs the distinction between the different theories of recovery set forth in the statute. The retaliation theory addresses adverse employment actions taken in response to the exercise of FMLA rights. *Edgar*, 443 F.3d at 508. An employment action may be related to FMLA activity, however, without falling under the retaliation theory. Under the interference theory, for example, an employer is prohibited from denying FMLA benefits to an employee. *See* 29 U.S.C. § 2615(a)(1). Plaintiff asserted that she was denied reinstatement, a benefit that she was

---

[2] Although generally the amount of front pay is left to the jury's discretion, the parties agreed on the record that the Court would determine both the propriety *and* the amount of any front pay award in the event that Plaintiff prevailed.

entitled to under the statute, and the jury agreed. Because Plaintiff's termination was the result of a denial of FMLA reinstatement benefits, it cannot be considered legitimate.

The Court believes that the relationship between the parties in this case weighs in favor of front pay, rather than reinstatement. Plaintiff named several RGL managers as defendants in this action, and these employees were not dismissed until just prior to trial. Plaintiff has also obtained a substantial award against RGL. These factors would likely contribute to hostility if Plaintiff were to return to her job at RGL. Reinstatement is not the best course of action under these circumstances.

The Court next considers the amount of front pay that should be awarded. Plaintiff has testified that she spends 10-15 hours per week searching for employment with stores, manufacturers, and restaurants. Plaintiff is at this time approximately 38 years old and claims to be in good health. At oral argument, Plaintiff's counsel stated that he believed an award of one to three years' front pay would be appropriate. The Court has reviewed Plaintiff's testimony regarding her efforts to obtain other employment and is aware of her difficulties conversing in the English language. The Court is also aware of the difficulties faced by individuals seeking employment at this time due to present economic conditions. Under these circumstances, the Court concludes that an award of front pay totaling one year of Plaintiff's wages is appropriate. RGL has not disputed Plaintiff's assertion that she was paid at a rate of $26,000 per year. The Court therefore awards Plaintiff front pay of $26,000.

### III. Conclusion

Accordingly,

7

**IT IS ORDERED** that Plaintiff's motion for liquidated damages is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for prejudgment interest is **GRANTED** in the amount of **One Hundred Twenty Dollars and Twelve Cents ($120.12)**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an award of front pay is **GRANTED** in the amount of **Twenty-Six Thousand Dollars ($26,000.00)**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Lennox Emanuel, Esq.
Glenn D. Oliver, Esq.